OPINION
Appellant State of Ohio is appealing the decision of the Licking County Court of Common Pleas that granted Appellee Nathaniel Burchard's motion to suppress. The facts giving rise to this appeal are as follows.
On the afternoon of August 8, 1997, Patrolman Mark Gerber stopped appellee for traveling forty-one miles per hour in a twenty-five miles per hour zone. The stop occurred on Derby Downs Road which is located approximately two blocks from the Glenbrook Apartments, a recently identified drug problem area. Upon stopping the vehicle, both doors opened and then closed. When Patrolman Gerber approached appellee's vehicle, he noticed a stale odor of marijuana inside the vehicle. Appellee did not have his driver's license on his person, but he did provide his name and social security number. After running the license plate number, Patrolman Gerber learned that the vehicle was not registered to appellee.
The passenger in the vehicle gave Patrolman Gerber the name of Shawn Johnson. However, appellee identified the passenger as Shawn Jackson. After receiving these conflicting statements, Patrolman Gerber became nervous about the situation and radioed for a back-up officer. When the second police officer arrived on the scene, Patrolman Gerber conducted a pat-down search of appellee. While conducting the search, Patrolman Gerber felt a pack of cigarettes and a squishy bag which he believed to contain marijuana. Patrolman Gerber asked appellee to remove the contents of his pants pocket which he refused to do. At that point, Patrolman Gerber reached into appellee's pants pocket and removed a bag of marijuana and a small bag of white powder later identified as cocaine. The Licking County Grand Jury indicted appellee, on August 15, 1997, for one count of possession of cocaine, one count of possession of marijuana and one forfeiture specification. On September 18, 1997, appellee filed a motion to suppress. Following a hearing on the motion, the trial court granted the motion on October 28, 1997. The State timely filed its notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE COURT OF COMMON PLEAS ERRED WHEN IT FAILED TO APPLY THE PLAIN FEEL DOCTRINE PURSUANT TO MINNESOTA V. DICKERSON (1993), 113 S.CT. 2130 AND FIND THE REMOVAL OF CONTRABAND FROM DEFENDANT-APPELLEE JUSTIFIED AFTER IT HAD FOUND THAT THE PAT-DOWN-DOWN (SIC) SEARCH OF DEFENDANT-APPELLEE TO BE VALID UNDER TERRY V. OHIO (1968), 88 S.CT. 1868.
 Standard of Review
When reviewing a trial court's decision to suppress evidence, we are guided by the Ohio Supreme Court's decision in State v.Smith (1991), 61 Ohio St.3d 284 and State v. Fanning (1982),1 Ohio St.3d 19. Pursuant to these cases, it is well-established that "[a]t a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact."Smith at 288, citing Fanning at 20. Appellant State of Ohio alleges the trial court failed to apply the correct law to the findings of fact. Therefore, we can only reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37. It is based upon this standard that we review the State's assignment of error.
 I
Appellant State of Ohio maintains, in its sole assignment of error, that the trial court erred when it failed to apply the plain feel doctrine and find the removal of the marijuana and cocaine from appellee's pocket valid. We agree.
The United States Supreme Court established the "plain feel" doctrine as it related to a Terry pat-down search for weapons for officer safety in Minnesota v. Dickerson (1993), 113 S.Ct. 2130. Therein, the Court held that police may seize contraband detected through the sense of touch during a protective pat-down if its identity as contraband is immediately apparent. Id. at 2137. Further, once the officer determines the object detected in the outer clothing of the suspect is not a weapon, the search must stop unless probable cause and exigent circumstances exist. Id.
In analyzing this assignment of error, we must review the removal of the bag of marijuana and the bag of cocaine separately. Based upon Patrolman Gerber's testimony, we find the removal of the bag of marijuana from appellee's pants, by Patrolman Gerber, valid under the plain feel doctrine. Patrolman Gerber's testimony, at the suppression hearing, establishes that while conducting the Terry-pat down search of appellee's outer clothing, it was immediately apparent to Patrolman Gerber that appellee had marijuana on his person.
On direct-examination, Patrolman Gerber testified to the following:
 PATROLMAN GERBER: And then I patted him down, and in his left pocket I felt a pack of cigarettes and a squishy bag of marijuana. So I asked him what was in his pockets.
PROSECUTOR: Okay.
 PATROLMAN GERBER: So I wanted him to identify it for me, to tell me what was in there, and he said cigarettes and pulled out a pack of cigarettes. I then asked him to empty his pockets, and he asked me why he had to do that, and I asked him why he didn't want to, just something to that effect. He stated he didn't want to and why he had to, and I said because you have dope in your pocket, and I reached into his left pocket. Tr. at 9-10.
Following the above response, the prosecutor asked Patrolman Gerber the following question:
 PROSECUTOR: * * * In your experience and training in conducting-in doing pat-down searches for the past four years, have you had the occasion to experience marijuana in a baggies in a person's clothing before?
PATROLMAN GERBER: Many, many times, yes, sir.
PROSECUTOR: How did this feel to you?
 PATROLMAN GERBER: It felt consistent with all the other times that I've patted somebody down and felt marijuana in their pocket. Tr. at 10-11.
Defense counsel asked Patrol Gerber the following question on cross-examination:
 DEFENSE COUNSEL: So you felt in there what you thought was a pack of cigarettes and something in his — in his pocket that you thought was marijuana; is that correct?
PATROLMAN GERBER: Yes, sir.
DEFENSE COUNSEL: No weapons, though?
PATROLMAN GERBER: No, sir.
 DEFENSE COUNSEL: And you put your hand in and pulled out the object from Mr. Burchard's pocket solely because you thought it had dope or drugs in it, correct?
PATROLMAN GERBER: Yes, sir.
 DEFENSE COUNSEL: That's the only reason you stuck your hand in his pocket and pulled that out?
PATROLMAN GERBER: Yes, sir. Tr. at 23-24.
Finally, Patrol Gerber made the following statement on cross-examination:
 DEFENSE COUNSEL: Officer, you did not know for sure before you reached in there and pulled it out what was in that bag?
 PATROLMAN GERBER: I was as sure as I could be from my past experience * * *. Tr. at 25.
Based upon the above testimony, upon conducting the Terry
pat-down search of appellee's person, it was immediately apparent to Patrolman Gerber that appellee had contraband in his front pants pocket. Therefore, pursuant to Minnesota v. Dickerson, the trial court should have applied the plain feel doctrine and found Patrolman Gerber's removal of the bag of marijuana from appellee's pants pocket within the parameters permitted by the United States Supreme Court in the Dickerson case.
We next must address the issue of whether the removal of the bag of cocaine was proper. Patrolman Gerber testified to the following regarding the removal of the cocaine.
 PATROLMAN GERBER: I pulled out a bag of marijuana, which I knew was there, but I also pulled out a bag of white powder that I didn't know was there, and at that time, Mr. Burchard took off running. Tr. at 10.
We find the bag of cocaine admissible under the "plain view" doctrine even though this case does not involve facts typically found for the application of the "plain view" doctrine. Under this doctrine, "* * * an object or item may be seized without a warrant if (1) the officer has a legitimate right to be in position to view the object; (2) the discovery of the item is inadvertent; and (3) it is immediately apparent to the officer that the object is incriminating." Coolidge v. New Hampshire
(1971), 403 U.S. 443, 466-471.
All three of these requirements were met in the case subjudice. First, Patrolman Gerber had a legitimate right to be in the position to view the bag of cocaine. Due to appellee speeding, the stop of his vehicle was permissible. Further, under the "plain feel" doctrine, Patrolman Gerber properly reached into appellee's pants pocket.
Second, the discovery of the bag of cocaine was inadvertent. The "* * * requirement of inadvertency is that the search be limited to the scope of the warrant. The discovery must be during the process of a legitimate search within the scope of the warrant * * *." State v. Waddy (Nov. 2, 1989), Franklin App. No. 87AP-1159, 87AP-1160, unreported at 16. Although Patrolman Gerber did not discover the cocaine during the execution of a warrant, the discovery was still inadvertent in that it was discovered during a valid pat-down search.
Finally, it was immediately apparent to Patrolman Gerber the incriminating nature of the bag of white powder that he pulled from appellee's pants pocket. The Ohio Supreme Court explained in the case of State v. Halczszak (1986), 25 Ohio St.3d 301, that "[t]he `immediately apparent' requirement of the `plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity." Id. at paragraph three of the syllabus. Further, it would follow no legal theory of suppression or logic that an officer must ignore contraband found during a legal search.
Based upon the facts of this case, we find the discovery of the bag of cocaine fell within the requirements of the "plain view" doctrine.
Based upon the above analysis, appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.